UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-101 |
| | ) | |
| KEENAN MASON, and | ) | (PHILLIPS/SHIRLEY) |
| GLORIA MASON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On August 13, 2010, this case came before the undersigned for a hearing on Defendant Keenan Mason's Motion for Substitution of Counsel [Doc. 31], referred [Doc. 32] on August 10, 2010, and his Motion to Continue Trial [Doc. 33], referred [Doc. 34] on August 13, 2010. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Jonathan Moffatt, appointed attorney for Defendant Keenan Mason, and Attorney Gerald L. Gulley, Jr., appointed attorney for Defendant Gloria Mason, were present. Both Defendants were also present.

At the hearing, Mr. Moffatt stated that he had recently discovered an actual conflict of interest with the Federal Defenders Services of East Tennessee (FDSET), for whom Mr. Moffatt works, representing Mr. Mason. He stated that he had spoken with Mr. Mason about the conflict and that Mr. Mason did not object to Mr. Moffatt withdrawing from the case. The Government stated that it had no objection to substitution of new counsel for Mr. Mason. Mr. Mason agreed to the withdrawal of Attorney Moffatt and the appointment of a new attorney. He stated that he understood the substitution of new counsel would require a continuance of his

1

change of plea date scheduled for August 16, 2010.  Mr. Gulley informed the Court that Mrs. Mason, who is also scheduled to enter a change of plea on August 16, 2010, joins in the request for continuance of that hearing.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests.  See Glasser v. United States, 315 U.S. 60, 70 (1942).  Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict."  Wheat v. United States, 486 U.S. 153, 160 (1988).  "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'"  United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)).  Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of the court's independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings.  Wheat, 486 U.S. at 160.

Based on the existence of an actual conflict of interest in this case, the Court finds that good cause exists to substitute counsel.  See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).   The Motion for Substitution of Counsel **[Doc. 31**] is **GRANTED**, and Mr. Moffatt is relieved as counsel for Defendant Keenan Mason.  The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel.  At the August 13 hearing, Attorney Charles T. Webber appeared and agreed to accept representation of the Defendant  The Court therefore

and hereby **SUBSTITUTES** and **APPOINTS** Mr. Webber under the Criminal Justice Act (CJA) as counsel of record for Mr. Keenan.

The Court notes that the August 10, 2010 trial date in this case was removed from the court calendar when the parties requested to enter into guilty pleas on August 16, 2010. Defendant Keenan Mason now asks [Doc. 33] for a continuance of the trial date to give newly appointed counsel time to meet with him on the change of plea. Defendant Gloria Mason joins in this request. Given that Attorney Webber has just been appointed on a Friday and the change of plea hearing is scheduled for the following Monday, the Court finds the Motion to Continue the Trial [Doc. 33] to be well taken and and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant's new counsel has only recently sought to be substituted for prior counsel. To require newly appointed counsel to appear at the change of plea hearing without an opportunity to meet with the Defendant and to prepare for the hearing would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). Accordingly, the Defendants' joint motion to continue [**Doc. 33**] the trial is **GRANTED.** The trial of this matter is reset to **October 26, 2010**. The parties are advised to contact the District Court to schedule a new change of plea hearing if appropriate. The Court also finds, and the parties agree, that all the time between the filing of the Defendant's Motion for Substitution of Counsel on August 9, 2010, and the new trial date of October 26, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).

Accordingly, it is **ORDERED**:

(1) Defendant Keenan Mason's Motion for Substitution of Counsel [**Doc. 31**] is **GRANTED**;

(2) Attorney Jonathan A. Moffatt is **RELIEVED** as counsel of record, and Attorney Charles T. Webber is **SUBSTITUTED** and **APPOINTED** under the CJA;

(3) The Defendants' joint Motion to Continue Trial [**Doc. 33**] is **GRANTED**;

(4) The trial of this matter is reset to commence on **October 26, 2010**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(5) All time between the filing of the motion to substitute counsel on **August 9, 2010**, and the new trial date of **October 26, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein; and

(6) The Defendants should contact District Judge Phillips' chambers to reschedule the change of plea hearing, if appropriate.

**IT IS SO ORDERED.**

ENTER:
  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge